**HAMILTON COMPANY, Inc., et al.,**
**Appellants,**

v.

**Paul M. KENDALL, Individually, and**
**T/D/B The Kendall Company,**
**Appellee.**

Court of Appeals of Kentucky.

Oct. 4, 1957.

Wilbur Fields, Louisville, for appellants.

S. J. Stallings, Glenn L. Schilling, Louisville, for appellee.

CAMMACK, Judge.

This is an appeal from a second summary judgment awarding the appellee, Paul M. Kendall, the sum of $3,050 plus interest claimed to be due and owing him as a commission on a sale of real estate for the appellants, Hamilton Company, Inc., and others. Reversal is urged upon the grounds that (1) the court erred in setting aside the first summary judgment which was for the appellant; and (2) if the first summary judgment was improper, there was an issue of fact which should have been tried and the court erred in entering the second summary judgment.

On March 3, 1953, Hamilton Company, through its agent, R. L. Durning, entered into a duly executed written contract by the terms of which it granted, through Kendall, an option for six months to Sears, Roebuck and Company to purchase a tract of land then owned by the appellants. Due to zoning problems the sale was not completed in the six months' period and the

**762**

contract was renewed. The tract was finally purchased by Sears, Roebuck and Company on December 29, 1955, after the zoning problems had been settled through litigation.

The appellants claim that Kendall did not establish that he introduced the buyer to the seller and that in any event his rights terminated with the expiration of the option of September 3, 1953.

Kendall claims that the option initiated a continuous chain of activity in which he was involved and which led to the ultimate sale of the property. He contends that the deposition of the appellant, R. L. Durning, and numerous affidavits of record support his claim.

Apparently, there was no pre-trial conference. The contentions presented to us might have been narrowed down by such treatment. We believe that the deposition of R. L. Durning, along with the complaint and Kendall's deposition, raised issues of fact which should be tried, and therefore we have not considered it necessary to discuss other questions.

The judgment is reversed, with directions that it be set aside, and for proceedings consistent with this opinion.